FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2009 DEC -2  PH 12: 39

Case No.: <u>3:09-cv-1169-J-32 JRK</u>

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

SCOTT MONACO; BRIAN NICHOLSON; BRUCE FOISEY;
VALARIE MCCRAY; STEPHEN FOSTER; GEORGE
CARRASQUILLO; CHRISTY SAMES; AMY NICHOLS;
ERNEST HAYNES, JR.; BOBBY HAGA; STEVEN MIXON;
PATRICK GREEN; THOMAS COLLINS; DESHON
EDGERTON; JAMES THIGPEN; YVONNE WILSON;
KENNETH VAUGHN; JOSE GUERRA; JOSHUA RABE;
TRAVELL THOMAS; JOSHUA OLIVER; CHRIS PROHASKA;
DONALD BOSTON; TYLER BAKER; JAMES CHAFEN;
DAVID THIES, JR.; KENNETH TANNER; LYLE NELSON;
MARIE HORTON; JASON TRANUMN; DANIEL HYSLER, IV;
MARTIN SATTLER, III; GEORGE KNIGHT, Individually

   Plaintiffs,

vs.

CITY OF JACKSONVILLE, a Florida municipality

   Defendant.

_____/

## COMPLAINT

Plaintiffs, SCOTT MONACO; BRIAN NICHOLSON; BRUCE FOISEY;

VALARIE MCCRAY; STEPHEN FOSTER; GEORGE CARRASQUILLO; CHRISTY

SAMES; AMY NICHOLS; ERNEST HAYNES, JR.; BOBBY HAGA; STEVEN

MIXON; PATRICK GREEN; THOMAS COLLINS; DESHON EDGERTON; JAMES

THIGPEN; YVONNE WILSON; KENNETH VAUGHN; JOSE GUERRA; JOSHUA

1

RABE; TRAVELL THOMAS; JOSHUA OLIVER; CHRIS PROHASKA; DONALD BOSTON; TYLER BAKER; JAMES CHAFEN; DAVID THIES, JR.; KENNETH TANNER; LYLE NELSON; MARIE HORTON; JASON TRANUMN; DANIEL HYSLER, IV; MARTIN SATTLER, III; GEORGE KNIGHT, Individually, ("Plaintiffs") sue Defendant, CITY OF JACKSONVILLE, a Florida municipality ("Defendant") as follows:

1.     This is a civil action for injunctive relief, damages, attorneys fees and costs brought by current and former employees of the City of Jacksonville (hereinafter "the City") who were wrongfully denied membership and participation in and the benefits of the City of Jacksonville General Employees Retirement Plan and the City of Jacksonville Corrections Officers' Retirement Plan (hereinafter "the Plans") because the Defendant City regarded each Plaintiff to be disabled, in violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 USC sec. 12101 et seq., and the Vocational Rehabilitation Act, 29 USC sec. 701 et seq.

2.     Jurisdiction over this action is granted by section 203 of the ADA, 42 USC sec. 12133, and section 794a(a)(1) of the Rehabilitation Act (which both incorporate by reference the jurisdictional grant of 42 USC sec. 2005(f)(3)), as well as by 28 USC sec. 1331.

3.     Defendant City is a Florida municipality that:

   a.  is located and does business within this Court's geographic jurisdiction;

   b.  is a "local government" and therefore is a "public entity" as defined by section 201 of the ADA, 42 USC sec. 12131(1)(A) so as to be subject to the ADA; and

2

c. conducts programs and activities receiving Federal Government financial assistance within the meaning of those terms in sections 504(a) and (b) of the Rehabilitation Act, 29 USC sec. 794 (a) and (b) so as to be subject to the Rehabilitation Act.

4. Article 16 of the City's Charter, Ordinance Code of the City of Jacksonville (hereinafter "the Code"), Part A, Article 16, authorizes and creates the City's retirement and pension system, and requires in section 16.01 of Article 16 that ... "all officers and employees of the consolidated government employed after the effective date of this charter [1968] shall be members of ..." said retirement and pension system.

a. The Charter in section 16.04(e) also provides that "handicapped person[s]" also are eligible to participate in the City's retirement and pension plans and "shall be considered on the same basis as any other applicant without discrimination or prejudice."

b. However, section 16.04(e) also provides that such "handicapped persons" can, at their option and not the City's option, choose not to participate in the city's retirement and pension plans and instead participate in Social Security if "two or more medical physicians, who are specialists in the handicapped applicant's particular disability" examine the handicapped person, which "examination shall be conducted through the Division of Vocational Rehabilitation of the Department of Health and Rehabilitative Services and paid for by same." The two physicians examine the applicant to "determine the applicant's ability to perform the duties required pertaining to the applied position for a period of

3

time not less than that required to obtain minimum time service benefits with
the City of Jacksonville", which is five years. "If the handicapped applicant, in
the opinion of the medical panel aforementioned, could not logically be
expected to carry out the requirements of the applied for position for a period
of time not less than that required to obtain minimum time service benefits
[five years], he may be employed under the old age and survivors insurance
provisions [Social Security], and shall not be required to be a member of said
retirement and pension system of the City of Jacksonville." Code, Part A, Art,
16, sec. 16.04(e).

c.   None of the Plaintiffs:

    i.   were examined by two physicians through the Department of
Vocational Rehabilitation of the Department of Health and
Rehabilitative Services as required by section 16.04(e) in order to
permit an employee to choose to be excluded from the City's
retirement and pension plans;

    ii.   were found by said two physicians or any other physicians not to be
expected to carry out the requirements of their City employment for at
least five years;

    iii.   as a result of such examinations, voluntarily chose Social Security
coverage instead of participation in the City's retirement and pension
plans; and

    iv.   were permitted throughout their employment or at some point in time
of their employment by the City to participate in the City's retirement

4

and pension plans, despite the Charter's assurance that "a handicapped person shall be eligible to participate in" such plans and that handicapped persons "shall be considered on the same basis as any other applicant without discrimination or prejudice."

d.  Pursuant to Chapter 16 of the Charter, the Defendant City by ordinances that are codified as Code Chapter 120 established the City of Jacksonville Retirement System which is comprised of two pension plans.

    i.  The General Employees Retirement Plan is established by Part II of Code Chapter 120. Code section 120.202(a) requires, in relevant part, that "full-time civil service employees not eligible for membership in another City-sponsored pension plan shall become members of the [General Employees Retirement] Plan."

    ii.  The General Employees Retirement Plan as set forth in Code Chapter 120, Part II does not require any medical examination or testing as a condition for eligibility, membership or participation in said Plan.

    iii.  The Corrections Officers' Retirement Plan as established by Part III of Code Chapter 120.  Code section 120.302(a) requires, in relevant part, that corrections officers who are "full-time civil service employees not eligible for membership in another City-sponsored pension plan shall become members of the [Corrections Officers' Retirement] Plan."

    iv.  The Corrections Officers' Retirement Plan as set forth in Code Chapter 120, Part III, in section 120.302(c) requires applicants "to undergo a physical examination for the purpose of determining pre-existing

5

medical conditions." If a pre-existing condition is shown by the examination, no disability or pre-retirement death benefit based upon that condition is payable. However, any condition revealed by the physical examination cannot be the basis for exclusion from the Corrections Officers Retirement Plan because section 120.302(c) states: "No condition of health shall preclude a person elected or hired by the City from membership ..." in the Corrections Officers' Retirement Plan."

5.    Plaintiffs are each either a current or former employee of the City who:

    a.  Upon employment, was required by the City to undergo a physical and medical examination to determine each Plaintiff's eligibility to participate in one of the plans of the City of Jacksonville Retirement System; however, the examinations were not conducted by two physicians "through the Division of Vocational Rehabilitation of the Department of Health and Rehabilitative Services and paid for by same" as required by Charter section 16.04(e);

    b.  Solely based upon the results of the improperly conducted examination, was and continues to be excluded by the City from membership and participation in the City of Jacksonville Retirement System and instead is forced by the City to participate in the federal Social Security program which provides substantially lesser benefits (such as a lower pension paid at a later age) compared to the benefits of the City of Jacksonville Retirement System (members of the City of Jacksonville Retirement System do not participate in federal Social Security);

c.  Based solely upon the results of the improperly conducted physical and medical examination which revealed the condition or conditions set forth in section 6, below, is, or was regarded by the City as, being an individual with a "disability," as those terms are defined in section 3(2)(C) of the ADA, 42 USC sec. 12102(2) and 29 C.F.R. sec. 1630.2(l) ;

d.  Can and has performed the essential duties of each City employment position that each Plaintiff holds or has held;

e.  Is therefore a "qualified individual with a disability" within the meaning of section 201(2) of the ADA, 42 USC sec. 12131;

f.  Meets the eligibility requirements for participation in the City's retirement and pension plan that covers her or his employment position; and

g.  Has been and continues to be excluded from participation in and has been and continues to be denied the benefits of said retirement and pension plan, and has been and continues to be subject to discrimination by the City solely by reason of the City's regarding and perceiving that each Plaintiff has a disability.

6.  Each Plaintiff was wrongfully denied participation in the applicable pension plan as follows:

a.  Scott Monaco is a corrections officer who has been continuously employed by the City since 2006.  The City wrongfully excluded Plaintiff Scott Monaco from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

b. Brian Nicholson is a corrections officer who has been continuously employed by the City since 2008. The City wrongfully excluded Plaintiff Brian Nicholson from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

c. Bruce Foisey is a corrections officer who has been continuously employed by the City since 2006. The City wrongfully excluded Plaintiff Bruce Foisey from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

d. Valarie McCray is a corrections officer who has been continuously employed by the City since 2002. The City wrongfully excluded Plaintiff Valarie McCray from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of her employment showed by means of a blood test that she had high cholesterol.

e. Stephen Foster is a corrections officer who has been continuously employed by the City since 2003. The City wrongfully excluded Plaintiff Stephen Foster from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that his "good" cholesterol was too low.

f.  George Carrasquillo is a corrections officer who has been continuously employed by the City since 2002. The City wrongfully excluded Plaintiff George Carrasquillo from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

g.  Christy Sames is a corrections officer who has been continuously employed by the City since 1999. The City wrongfully excluded Plaintiff Christy Sames from membership in the Corrections Officer's Retirement Plan. Christy was given no reason for her denial into the pension plan.

h.  Amy Nichols is a corrections officer who has been continuously employed by the City since 2002. The City wrongfully excluded Plaintiff Amy Nichols from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of her employment showed by means of a blood test that she had high cholesterol.

i.  Ernest Haynes, Jr. is a corrections officer who has been continuously employed by the City since 2005. The City wrongfully excluded Plaintiff Ernest Haynes, Jr. from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that his "good" cholesterol was not high enough.

j.  Bobby Haga is a corrections officer who has been continuously employed by the City since 2008. The City wrongfully excluded Plaintiff Bobby Haga from

membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

k.  Steven Mixon is a corrections officer who has been continuously employed by the City since 1999.  The City wrongfully excluded Plaintiff Steven Mixon from membership in the Corrections Officer's Retirement Plan because he was told that he did not pass the physical and medical examination conducted by the City at the time of his employment.

l.  Patrick Green was a corrections officer who had been employed by the City from 2001 to 2006. The City wrongfully excluded Plaintiff Patrick Green from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

m. Thomas Collins is a corrections officer who has been continuously employed by the City since 2000.  The City wrongfully excluded Plaintiff Thomas Collins from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

n.  Deshon Edgerton is a corrections officer who has been continuously employed by the City since 2002.  The City wrongfully excluded Plaintiff Deshon Edgerton from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the

time of his employment showed by means of a blood test that he had high cholesterol.

o.  James Thigpen is a corrections officer who has been continuously employed by the City since 2009.  The City wrongfully excluded Plaintiff James Thigpen from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that his good cholesterol was too low.

p.  Yvonne Wilson is a corrections officer who has been continuously employed by the City since 2001.  The City wrongfully excluded Plaintiff Yvonne Wilson from membership in the Corrections Officer's Retirement Plan. Although the City conducted a physical and medical examination of Ms. Wilson at the time of her employment, she was never informed that she was denied participation into the pension plan. In 2009, Ms. Wilson took another physical and medical examination and was again wrongfully denied due to low iron.

q.  Kenneth Vaughn is a corrections officer who has been continuously employed by the City since 2005.  The City wrongfully excluded Plaintiff Kenneth Vaughn from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

11

r.  Jose Guerra is a corrections officer who has been continuously employed by the City since 2006. The City wrongfully excluded Plaintiff Jose Guerra from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

s.  Joshua Rabe is a corrections officer who has been continuously employed by the City since 2008. The City wrongfully excluded Plaintiff Joshua Rabe from membership in the Corrections Officer's Retirement Plan after conducting a physical and medical examination, which was conducted by the City at the time of his employment.

t.  Travell Thomas is a corrections officer who has been continuously employed by the City since 2008.  The City wrongfully excluded Plaintiff Travell Thomas from membership in the Corrections Officer's Retirement Plan. After his physical and medical examination conducted by the City at the time of his employment, Mr. Thomas was never informed that he was denied participation into the pension plan.

u.  Joshua Oliver is a corrections officer who has been continuously employed by the City since 2009.  The City wrongfully excluded Plaintiff Joshua Oliver from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

v.  Chris Prohaska is a corrections officer who has been continuously employed by the City since 2008. The City wrongfully excluded Plaintiff Chris Prohaska

12

from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that his "good" cholesterol was too low.

w. Donald Boston is a corrections officer who has been continuously employed by the City since 2007. The City wrongfully excluded Plaintiff Donald Boston from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

x. Tyler Baker is a corrections officer who has been continuously employed by the City since 2008. The City wrongfully excluded Plaintiff Tyler Baker from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that his "good" cholesterol was too low.

y. James Chafen is a corrections officer who has been continuously employed by the City since 1986. From 1986 through 1993 Mr. Chafen was included in the City pension plan while working for the police department. Upon being transferred as a corrections officer, Mr. Chafen was denied entry into the City pension plan. The City wrongfully excluded Plaintiff James Chafen from membership in the Corrections Officer's Retirement Plan and provided no reason for such denial.

z. David Thies, Jr. is a corrections officer who has been continuously employed by the City since 2004. The City wrongfully excluded Plaintiff David Thies,

13

Jr. from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

aa. Kenneth Tanner is a corrections officer who has been continuously employed by the City since 2001. The City wrongfully excluded Plaintiff Kenneth Tanner from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

bb. Lyle Nelson is a corrections officer who has been continuously employed by the City since 2003. The City wrongfully excluded Plaintiff Lyle Nelson from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

cc. Marie Horton is a corrections officer who has been continuously employed by the City since 1996. The City wrongfully excluded Plaintiff Marie Horton from membership in the Corrections Officer's Retirement Plan. Although Ms. Horton had a physical and medical examination conducted by the City at the time of her employment, she was never informed why she was excluded from the City pension plan.

dd. Jason Tranumn is a corrections officer who has been continuously employed by the City since 2006. The City wrongfully excluded Plaintiff Jason Tranumn from membership in the Corrections Officer's Retirement Plan because the

physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

ee. Daniel Hysler IV is a corrections officer who has been continuously employed by the City since 2004. The City wrongfully excluded Plaintiff Daniel Hysler IV from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

ff. Martin Sattler III is a corrections officer who has been continuously employed by the City since 2001. The City wrongfully excluded Plaintiff Martin Sattler III from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

gg. George Knight is a corrections officer who has been continuously employed by the City since 2005. The City wrongfully excluded Plaintiff George Knight from membership in the Corrections Officer's Retirement Plan because the physical and medical examination conducted by the City at the time of his employment showed by means of a blood test that he had high cholesterol.

7.    The City's aforementioned exclusion of Plaintiffs from the City's Retirement System and exclusion from participation in and the benefits of the City's Retirement System and the retirement plans enacted thereunder based solely upon the results of each Plaintiff's physical and medical examination is:

a.   a violation of Title II, section 202 of the ADA, 42 USC sec. 12132;

b.   a violation of Title V, section 504 of the Rehabilitation Act, 29 USC sec. 794;

15

c. a continuing violation of the ADA and the Rehabilitation Act that occurs each day that an active employee is employed by the City;

d. a continuing violation of the ADA and the Rehabilitation Act that occurs each day that a former employee does not receive or is not vested to receive in the future a pension from the City's Retirement System;

e. a pattern and practice by the City of unlawfully discriminating against Plaintiffs because the City regarded them as having a disability or because they are disabled;

f. a result of the City's use of eligibility criteria and methods of administration of its Retirement System that discriminate against qualified individuals with disabilities or that the City regards as being disabled; and

g. a result of the City imposing eligibility criteria for participation in the Retirement System which screen out or tend to screen out individuals with disabilities or individuals that the City regards as being disabled from enjoying the benefits of the Retirement System, which criteria are not necessary to the administration of the Retirement System.

8. Plaintiffs have each been damaged by the City's unlawful acts because they are denied the benefits of the City's Retirement System and instead receive the lesser benefits of federal Social Security which pays smaller pensions, has more stringent disability benefit requirements, and requires an employee to work up to 18 more years to collect a pension, when compared to the benefits to which Plaintiffs would have been entitled had they not been unlawfully excluded from the City's Retirement System.

WHEREFORE each Plaintiff demands damages and injunctive relief, including

    a.  money damages in the amount of the difference between the value of the benefits under the Retirement System to which they are entitled and the lesser value of the Social Security benefits provided by the City,

    b.  interest,

    c.  an injunction mandatorily enjoining the City to enroll and pay for each Plaintiff's participation as a full member in the appropriate retirement plan of the City's Retirement System retroactive to the Plaintiff's date of hire and to maintain each Plaintiff as a member of the appropriate retirement plan for the future duration of each Plaintiff's City employment,

    d.  an injunction enjoining the City from utilizing medical and physical examinations to exclude current and future employees from participation in the City's Retirement System in ways that violate the ADA, the Rehabilitation Act, and the City's own Charter, Code and ordinances,

    e.  An offset of the amount paid into social security for those who have or are required to buy back into the pension plan,

    f.  attorneys fees as provided by section 505 of the Rehabilitation Act, 29 USC sec. 794a, and section 203 of the ADA, 42 USC sec. 12133;

    g.  the costs of this action; and

h.  such other relief as is just and meet.

DATED this 1st day of December, 2009.

Respectfully submitted,

ROBERT A. SUGARMAN
Fla. Bar No. 149388
**SUGARMAN & SUSSKIND, P.A.**
**Co-Counsel for Plaintiffs**
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone (305) 529-2801
Fax (305) 447-8115
Email: Sugarman@sugarmansusskind.com

MARK D. BOGEN
Fla. Bar No. 865834
**BOGEN LAW GROUP, P.A.**
**Co-Counsel for Plaintiffs**
1900 Glades Road, Suite 354
Boca Raton, Fl. 33431
Telephone: (561) 392-8555
Fax (561) 392-1221
Email: bogen2000@gmail.com

18