FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 JUN 21 P 3: 12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

SCOTT MONACO, BRIAN NICHOLSON, *et al.*,

    Plaintiffs,

v.                                    Case No.: 3:09-cv-01169-TJC-JRK

CITY OF JACKSONVILLE, a Florida municipality,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR CLASS CERTIFICATION

This action was initiated on December 2, 2009 by Plaintiffs Scott Monaco, Brian Nicholson, *et al.* (collectively, the "Plaintiffs") with the filing of the Complaint. On February 26, 2010, Plaintiffs filed a Second Amended Complaint, asserting claims arising under the Americans With Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101, *et seq.*, and the Vocational Rehabilitation Act (the "Rehabilitation Act"), 29 U.S.C. § 701, *et seq.*, on behalf of themselves and alternatively on behalf of two putative classes, pursuant to Rule 23(a) and Rule 23(b)(1-3) of the Federal Rules of Civil Procedure. Plaintiffs allege that the Defendant City of Jacksonville wrongfully denied current employees of the City of Jacksonville membership and participation in the City of Jacksonville General Employees Retirement Plan ("GERP") and the City of Jacksonville Corrections Officers' Retirement Plan ("CORP") (collectively, the "Plans").

This case is now before the Court on Plaintiffs' Notice of Motion for Class Certification (Doc. 16) and Memorandum of Law in Support of Plaintiffs' Motion for Class Certification

(Doc. 17), filed on March 1, 2010. Plaintiffs and putative class members Kenneth Tanner, Christy Sames, Lynette Clinch, and Edwin Hernandez move this Court:

(a) to certify this case as a class action, on behalf of two (2) plaintiff classes, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 4.04 of the Local Rules of the Middle District of Florida, each consisting of five (5) sub-groups or sub-classes[1] of current employees of the City of Jacksonville (the "Defendant" or "City") who were (1) excluded from participating in the City of Jacksonville's Retirement System and remain excluded ("Class 1"), and (2) excluded from the Retirement System during their employment but later were permitted to buy back into the plan without being provided all required and proper credits and/or benefits ("Class 2") (collectively, the "Classes");

(b) to appoint Plaintiffs Kenneth Tanner and Christy Sames to serve as Class Representatives of Class 1, as defined above; and

(c) to appoint Plaintiffs Lynette Clinch and Edwin Hernandez to serve as Class Representatives of Class 2, as defined above (collectively, the "Class Representatives") (the "Motion").

On March 19, 2010, Defendant City of Jacksonville filed its Response to Motion for Class Certification (Doc. 19), agreeing that class treatment is appropriate and with Plaintiffs' definition of the Classes and the sub-classes, and not objecting to the appointment of the named Class Representatives. The Court held a hearing on the Motion on April 30, 2010. Following the hearing, Plaintiffs conferred with Defendant, and Defendant is in agreement with the form of this

---

[1] The sub-groups or sub-classes are as follows:
   Sub-Class 1 - Employees who worked for the City 5 full years or less;
   Sub-Class 2 - Employees who worked for the City more than 5 years but less than 10 years;
   Sub-Class 3 - Employees who worked for the City at least 10 years but less than 20 years;
   Sub-Class 4 - Employees who worked for the City at least 20 years but less than 30 years; and
   Sub-Class 5 - Employees who worked for the City 30 years or more.

Order Granting Motion for Class Certification and the accompanying Notice of Class Certification.

This Court has reviewed the Motion and the accompanying Memorandum of Law in support thereof, and, after due deliberation for the reasons stated below, the Court hereby finds the Motion to be MERITORIOUS and that class certification is proper.

## Discussion

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004). Rule 23(a) requires a putative class to meet the requirements of numerosity, commonality, typicality, and adequacy of representation. See Fed.R.Civ.P. 23(a); Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1265 (11th Cir. 2009).

Here, Plaintiffs seek certification pursuant to Rule 23(b)(1)-(3), which requires several additional findings. Specifically, under Rule 23(b)(1)(B), a class action is maintainable if separate actions would create the risk of "[a]djudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B). Moreover, a class may be certified under Rule 23(b)(2), if Plaintiffs can demonstrate that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Ruderman v. Washington Nat. Ins. Co., --- F.R.D. ---, 2010 WL 62871, *11 (S.D. Fla. Jan. 5, 2010). Finally, Rule 23(b)(3) requires Plaintiffs to show: "(1) that common questions of law or fact predominate over questions

affecting only individual members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." See Vega, 564 F.3d at 1265 (internal citation omitted). While a district court must not decide the merits of the case at the class certification stage, it "can and should consider the merits ... to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Vega, 564 F.3d at 1266 (citations omitted).

In this case, the Court finds that all of the requirements have been met and makes the following findings:

1. The members of the Classes are so numerous that joinder of all members is impracticable. Therefore, Plaintiffs meet the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). While the exact number of members can only be ascertained through appropriate discovery, Plaintiffs assert that the number of City employees who were wrongfully denied membership and participation in the Plans exceeds 1,500 individuals across the two sets of five sub-classes.

2. Under Federal Rule of Civil Procedure 23(a)(2), Plaintiffs have demonstrated that there are questions of law or fact common to the members of the Classes, including, for example:

    (a) whether the City improperly subjected Plaintiffs and the class members to medical examinations and considered the results of those medical examinations as grounds for excluding Plaintiffs and the members of the Classes from participating in the GERP and CORP;

    (b) whether such conduct was violative of the ADA and the Rehabilitation Act; and

    (c) the extent to which Plaintiffs and the members of the Classes have sustained damages.

3. Pursuant to Federal Rule of Civil Procedure 23(a)(3), Plaintiffs have also demonstrated that the claims or defenses of the Class Representatives are typical of the claims or defenses of the other members of the Classes that they seek to represent. The Class Representatives' claims arise from the same course of conduct that gives rise to the claims of other class members, namely, the process by which Defendant has excluded members from the Plans on the basis of medical conditions, and the harm suffered by members as a result. All potential class members' claims are also based on the same legal theories under the ADA and the Rehabilitation Act.

4. The Class Representatives are fair and adequate representatives of the Classes as required under Federal Rule of Civil Procedure 23(a)(4). They share the same interests as the other members of the Classes in recovering damages allegedly suffered as a result of Defendant wrongfully excluding them from the Plans, and there is no suggestion that Plaintiffs have any interests that are antagonistic to those of the rest of the Classes. Further, the Court finds that the law firms of Sugarman & Susskind, P.A., Bogen Law Group, P.A. and Spector Roseman Kodroff & Willis, P.C., will fairly and adequately represent the interests of the Classes, and they meet the criteria for selection as Class Counsel under Rule 23(g) of the Federal Rules of Civil Procedure. Class Counsel are qualified and experienced in prosecuting actions such as this one, including claims under the ADA and the Rehabilitation Act, cases involving civil rights actions against municipalities, as well as the full range of class action litigation, and they have demonstrated their ability to prosecute this action. Accordingly, the Class Representatives and Class Counsel can be trusted to represent fairly and adequately the interests of the Classes in this action.

5. Under Rule 23(b)(1)(B), a class action may be maintained if the prosecution of separate actions by individual class members would create a risk of "adjudications with respect

to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Plaintiffs meet this requirement under the alleged facts. For example, if an individual class member were to establish that the City engaged in a pattern of discrimination through improper medical and physical examinations to deny employees participation in the Plans, this disposition would impact the ability of other class members to litigate claims that arise out of the same course of conduct and that have injured them in the same manner.

6. Federal Rule of Civil Procedure 23(b)(2) provides that a class may be certified if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Plaintiffs allege a pattern of wrongful conduct by the City to discriminate against Plaintiffs and the members of the Classes by denying them participation in the Plans which Plaintiffs allege was a violation of the ADA and the Rehabilitation Act. As available under the ADA and the Rehabilitation Act, Plaintiffs seek equitable and injunctive relief in the form of requiring the City to enroll them in appropriate Plans retroactive to the date of hire and enjoining the City from using medical and physical examinations to exclude current and future members of the Plans in ways that violate applicable laws. This is the type of case contemplated for class certification under Federal Rule of Civil Procedure 23(b)(2).

7. Plaintiffs also meet the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3). First, the questions of law or fact common to the Classes as discussed above predominate over any questions affecting only individual members of the Classes. Plaintiffs' claims arise out of and relate to common questions of fact or law primarily

related to whether the City engaged in a uniform and standardized course of conduct of improperly using medical diagnoses from physical examinations to exclude members from the Plans, and depriving them of benefits thereunder in violation of the City's Code. Proof of such a pattern of conduct is proof of the case and will have no bearing on the sub-classes as defined below.

8. Second, Plaintiffs have demonstrated that a class action is superior to other available methods for the fair and efficient adjudication of this action. It is in the interests of the members of the Classes that the action be prosecuted as a class action because (a) it would be extremely costly, duplicative, and wasteful for class members to bring all of their actions separately, and (b) concentrating the action in one forum is desirable to negate the threat of inconsistent adjudications and prevent duplication of effort. Further, it is in the best interests of the litigants and the Court to have the proceedings and all aspects of the litigation overseen by a single court. Finally, any difficulties likely to be encountered in the management of this class action are minimal. Pursuant to Rule 23(c)(5) of the Federal Rules of Civil Procedure, division of the Classes into sub-classes defined below is appropriate and will aid in the manageability of this litigation.

9. Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, Plaintiffs' Notice of Class Certification clearly and concisely sets forth the following: (i) the nature of the action; (ii) the definition of the classes certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the classes any member who requests exclusion; (vi) the time and manner in which to request exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

Accordingly, it is hereby

**ORDERED**:

(1)   The requirements of Rules 23(a) and 23(b)(1-3) of the Federal Rules of Civil Procedure and Rule 4.04 of the Local Rules of the Middle District of Florida have been met, and Plaintiffs' Motion for Class Certification (Doc. 16) is **granted**;

(2)   This case will proceed as a class action (the "Action") on behalf of two (2) classes consisting of current employees of the City of Jacksonville who were: 1) excluded from participating in the City of Jacksonville's Retirement System and remain excluded ("Class 1"); and 2) excluded from the Retirement System during their employment but later were permitted to buy back into the Plans without being provided all required and proper credits and/or benefits ("Class 2");

(3)   Pursuant to Federal Rule of Civil Procedure 23(c)(5), each of the two classes shall also consist of five (5) sub-groups or sub-classes as follows:

>Sub-Class 1 – Employees who worked for the City 5 full years or less;
>Sub-Class 2 – Employees who worked for the City more than 5 years but less than 10 years;
>Sub-Class 3 – Employees who worked for the City at least 10 years but less than 20 years;
>Sub-Class 4 – Employees who worked for the City at least 20 years but less than 30 years; and
>Sub-Class 5 – Employees who worked for the City 30 years or more;

(4)   Plaintiffs Kenneth Tanner and Christy Sames are hereby **appointed** as Class Representatives of Class 1, as defined above;

(5)   Plaintiffs Lynette Clinch and Edwin Hernandez are hereby **appointed** as Class Representatives of Class 2, as defined above;

(6) The law firms of Sugarman & Susskind, P.A., Bogen Law Group, P.A. and Spector Roseman Kodroff & Willis, P.C. are hereby **appointed** as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure; and

(7) Plaintiffs' Notice of Class Certification is **approved** pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure.

(8) The Notice of Class Certification should be propounded no later than August 20, 2010.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of June, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

Copies:   Counsel of record