UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT MONACO, BRIAN NICHOLSON,
*et al.*,

    Plaintiffs,

vs.                               CASE NO. 3:09-cv-1169-J-32-TEM

CITY OF JACKSONVILLE, a Florida municipality,

    Defendant.
_____

**O R D E R**

    This case is before the Court on the Joint Motion for Entry of Confidentiality Order (Doc. #40, Motion) filed on July 20, 2010. Counsel for all parties currently represented provided electronic signatures on the instant motion and in fact signed the accompanying proposed Confidentiality Order (Doc. #40-1).

    Pursuant to Rule 26(c), Federal Rules of Civil Procedure, the Court finds good cause for the entry of the Agreed Protective Order submitted with the motion, with modification as discussed below.

    A review of the pleadings in the file indicates:

    1. This is a civil rights action for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Vocational Rehabilitation Act, 29 U.S.C. § 701 et seq.

    2. It will be necessary for the parties to make discovery and take depositions involving confidential information, proprietary information and non-public technical

information and data, public disclosure of which could harm one or both parties, or third parties.

3. The parties' interest in an orderly and expeditious resolution of this matter on its merits would appear to outweigh any societal interest in disclosure of discovery materials that would be subject to the protective order.

4. Therefore, entry of the Confidentiality Order is appropriate to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection. *See McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir. 1989); *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

Although the protective order is precisely drawn, the Court believes that an additional paragraph should be included to reflect the procedure commonly used in this Court, and to stress that public interest and court policy both discourage the filing of large volumes of information under seal. Leave of court must be obtained *before* confidential material may be filed under seal. The parties should not interpret the amendment as expressing an expectation on the Court's part that confidential information will routinely be submitted for filing *in camera;* rather, such filings are discouraged. In the absence of a showing of clear necessity and a lack of viable alternatives, the parties should not expect the routine submission of materials for *in camera* filings to be approved.

Accordingly, it is hereby **ORDERED:**

1. The Joint Motion for Entry of Confidentiality Order (Doc. #40) is **GRANTED**, as outlined below.

2. The received copy of the Confidentiality Order, which contains original signatures of the parties' counsel, is incorporated herein as it pertains to confidential information, proprietary information and non-public technical information and data, and entered as the Court's Order pursuant to Rule 26(c), Federal Rules of Civil Procedure.

3. The Confidentiality Order is hereby modified by is hereby modified by deleting the original paragraph 7 and substituting the following:

7. (a) Any party seeking to file confidential information in the case under seal, for whatever reason, must first obtain Court approval. The motion for leave of Court shall generally describe the confidential material and set forth the necessity for its receipt under seal. Only after the Court rules that such information may be received under seal may the confidential material be filed. The parties shall confer prior to filing a motion in an effort to minimize the number of requests for *in camera* filings.

(b) When the Court has approved a submission under seal, the material shall be filed by hand with the Clerk in a sealed enclosure on which shall be affixed the style of the case, and the designation of "PROTECTED MATERIAL-Monaco Litigation."

(c) If appropriate, any party may move the Court to take appropriate steps to ensure that the confidentiality of this information is preserved during a hearing or trial.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of July, 2010.

Copies to:
Counsel of Record
*Pro Se* Parties, if any

*[signature: Thomas E. Morris]*

**THOMAS E. MORRIS**
United States Magistrate Judge