**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SCOTT MONACO et al.,

       Plaintiffs,

                                Case No. 3:09-cv-1169-J-32PDB

vs.

CITY OF JACKSONVILLE,

       Defendant.

                                  /

## **O R D E R**

On September 30, 2014, the Court entered an Order (Doc. 130) granting Defendants' Renewed Motion for Summary Judgment (Doc. 109) as to Plaintiffs' class action claims, and denying Plaintiffs' Renewed Motion for Summary Judgment (Doc. 107). In the September 30, 2014 Order, the Court found that Defendant City of Jacksonville's process for admitting employees into its Retirement System did not constitute a "pattern or practice of intentional disability discrimination" in violation of the Americans with Disabilities Act of 1990 (ADA)[1] or the Vocational Rehabilitation Act.[2] (Doc. 130 at 43-44). To evaluate this class-wide, intentional discrimination claim, the Court applied the framework articulated in International Brotherhood of Teamsters v. United States, 431 U.S. 324 (1977), and determined that the Class[3] failed to meet its burden of demonstrating a pattern or practice of unlawful, intentional discrimination.

---

[1] 42 U.S.C. § 12101 et seq.

[2] 29 U.S.C. § 701 et seq.

[3] The Class consists of up to 2,000 current employees of the City of Jacksonville who were not entered into the City's Retirement System for at least some period during their employment with the City. (See Doc. 130 at 6-7).

Notably, in reaching this decision, the Court held that the class-wide claim failed on its merits; the Court did not revisit its class certification decision, and did not decertify the Class.  (See Doc. 130 at 14-17, 43-44; Doc. 35).

Upon granting summary judgment on the class-wide claim, the Court observed that the only claims remaining are those of the individual Plaintiffs.  (Doc. 130 at 45). The Court directed the parties to submit briefs detailing their respective positions on how the remaining claims should proceed.  (Docs. 131, 133, 134).  On April 20, 2015, the Court conducted a hearing to address the parties' differing positions.  (Doc. 136).  At the hearing, the Court discussed with the parties whether it would be appropriate to allow an appeal of the Court's September 30, 2014 Order at this stage in the proceedings, and if so, the proper mechanism for doing so.  At the Court's direction, the parties then submitted additional briefing on this issue.  (Doc. 139, 142).  Upon review of the briefs and for the reasons that follow, the Court finds that the interests of justice, as well as the conservation of judicial resources, support the entry of a partial final judgment as to the class action claim pursuant to Rule 54(b), Federal Rules of Civil Procedure (Rule(s)).[4]

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment

---

[4] In their briefs, the parties disagree on what effect the Court's September 30, 2014 Order has on the claims of the individual Plaintiffs and Class Members, and whether the statute of limitations is tolled during the pendency of the appeal.  The City maintains that any individual claims related to the class action are precluded by the Court's findings in the September 30, 2014 Order, and any individual claims that could survive that Order are not related to the class and therefore, are not entitled to a tolling of the statute of limitations.  (See generally Doc. 142).  As those issues are not properly before the Court at this time, the Court expresses no opinion on the matter.  For purposes of this Order, the Court notes only that neither party opposes the entry of an order certifying the September 30, 2014 Order as final under Rule 54(b).  (See Doc. 139 at 4-6; Doc. 142 at 2).

as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

This requires the Court "to balance judicial administrative interests and relevant equitable concerns." Ebrahimi v. Huntsville Bd. of Educ., 114 F.3d 162, 166 (11th Cir. 1997).  In doing so, the Court considers whether this case presents the exceptional circumstance in which "an immediate appeal would alleviate some danger of hardship or injustice associated with delay," sufficient to outweigh the "historic federal policy against piecemeal appeals." Id. (internal quotation omitted).

Following resolution of the class claims, there remain before the Court the individual disability discrimination claims of some 103 Plaintiffs.  Counsel for Plaintiffs has represented that these Plaintiffs, as well as some or all of the additional 1,900 Class Members, now intend to pursue individual claims against the City for disability discrimination in violation of the ADA.  Counsel has expressed his intention to file a motion for leave to amend the complaint in which he would seek to join all of those individual plaintiffs into a single joint action under Rule 20(a).  The Court expresses some skepticism at whether all 2,000 Class Members could bring a claim for individual relief under the ADA, and even greater skepticism at whether allowing 100 plaintiffs, much less 2,000 plaintiffs, to proceed in one collective joint action would be appropriate. Nonetheless, it is apparent that the Court's previous ruling denying the class-wide claim will significantly multiply these proceedings, potentially requiring discovery and analysis under the individualized McDonnell Douglas[5] framework with regard to each of the myriad individual Class Member's discrimination claims.  Thus, contrary to creating a hardship on judicial administration, an immediate appeal of the Court's denial of the

_____

[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800 (1973).

class-wide claim would serve judicial administrative interests by preventing piecemeal litigation, including further appeals.  See Carpenter v. The Boeing Co., 223 F.R.D. 552, 557 (D. Kan. 2004) ("[T]he costs are actually lower for all involved if review of the critical summary judgment ruling [on the class action claim] is taken now . . . .").

For similar reasons, equitable concerns warrant certifying the Court's September 30, 2014 Order under Rule 54(b).  As the Court has repeatedly observed, the class-action claim in this case presents unique and complex issues of law.  Whether the City's administration of its Retirement System violates the ADA is a significant question at the heart of this dispute.  The record is fully developed on this issue, and the Court's decision in that regard is final.  As such, the September 30, 2014 Order is fully capable of review, and guidance from the Eleventh Circuit on the application of the ADA to the facts of this case would hasten a final resolution of the matter.  Indeed, equitable concerns weigh heavily in favor of allowing the Class to obtain a review of that decision at this time such that, in the event this Court has erred, the Class will have the opportunity to pursue class-wide relief prior to incurring the expense of litigating numerous individual claims. Moreover, as the Court's findings in the September 30, 2014 Order may have a significant impact on the viability of any individual claims, appellate review of the matter at this time would promote the efficient and equitable resolution of this dispute between the City and the Class Members.

Accordingly, upon due consideration of the judicial administrative interests and the equitable concerns involved, the Court concludes that the September 30, 2014 Order is final and there is no just reason to delay the entry of judgment.  The Court is convinced that this case presents the exceptional circumstance where an intermediate appeal is

justified.   Requiring the parties to wait until Plaintiffs' individual claims are adjudicated before obtaining appellate review on the viability of the class-wide claim would pose an undue hardship on both the parties and the administration of justice.   Therefore, for the reasons stated herein, it is

> **ORDERED:**

1. The September 30, 2014 Order (Doc. 130) meets the requirements under Rule 54(b) with respect to the class action claims.

2. The Court will enter a partial final judgment in favor of Defendant City of Jacksonville and against the Plaintiff Class on the class action claim only.

> **DONE AND ORDERED** at Jacksonville, Florida, this 31st day of August, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

mhm.
Copies:

Counsel of record