# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SCOTT MONACO, et al.,

    Plaintiffs,

v.

CITY OF JACKSONVILLE,

    Defendant.

CASE NO.: 3:09-cv-1169-J-32PDB

**PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C.A. §1927**

Plaintiffs, by and through their undersigned counsel, files its Motion for Sanctions, and in support hereof, states the following:

## PROCEDURAL HISTORY

1. This case was filed against the City of Jacksonville, Florida (hereinafter "City") in December, 2009, for the alleged wrongful denial of approximately 1600 City employees' admission into the City's pension plans, among other claims.

2. On March 1, 2010, Plaintiffs filed its Motion for Class Certification.

3. The City agreed that this case shall proceed as a class action and subsequently the Court entered an Agreed Order on June 21, 2010, ordering that this case proceed as a class action.

4. Four (4) years later on January 17, 2014, the City filed its Renewed Motion for Summary Judgment in which the City changed its position and argued that this case may not proceed as a class action.

5. Ultimately, the Court entered an order on September 30, 2014, granting Defendant's Renewed Motion for Summary Judgment by decertifying the classes (hereinafter "Order").

## MEMORANDUM OF LAW AND ARGUMENT

In order for the movant to succeed on a motion for sanctions pursuant to *28 U.S.C.A. §1927*, the movant must demonstrate that any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof: (1) multiplied

the proceedings; (2) in an unreasonable and vexatious manner; and, (3) excess costs, expenses and attorneys' fees were reasonably incurred due to the multiplied proceedings made in an unreasonable and vexatious manner. *Id*. The purpose of *28 U.S.C.A. §1927* is to limit abuse of judicial processes and to discourage dilatory litigation practices.

Statute authorizing imposition of monetary sanctions on counsel for excess costs caused by vexatious and unreasonable multiplication of proceedings imposes an objective standard of conduct on attorneys, and courts need not make a finding of subjective bad faith before assessing monetary sanctions. *Salkil v. Mount Sterling Tp. Police Dept.,* 458 F.3d 520 (6th Cir. 2006). Purpose of sanctions under statute governing counsel's liability for excessive costs is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy a sanctioned attorney is thus required to personally satisfy the excess costs attributable to his conduct. *28 U.S.C.A. § 1927; In re Royal Manor Management, Inc.,* 525 B.R. 338 (B.A.P. 6th Cir. 2015). An award under the court's inherent power may be made against an attorney. *See, Suffolk County v. Graseck,* 480 US 918 (1987). Furthermore, parties to a class action may seek to recover attorney's fees and costs as sanctions under *§1927*. *Baderv. Itel Corp.,* 479 US 1033 (1987).

A.   **CITY'S COUNSEL MULTIPLIED THE PROCEEDINGS**

At the onset of this case, the City's counsel agreed with Plaintiffs' motion to have this case certified as a class action. In June, 2010, the Court entered an order permitting this case to continue as a class action. It is important to point out that from the beginning of this case, the City of Jacksonville had all of the records of all of the class members. The City of Jacksonville were in possession of all medical, health and employment records of all such class members. In the City's agreement to the Plaintiffs' motion for class certification, the City of Jacksonville was, in effect, agreeing with the Plaintiffs' motion that the class certification met all of the elements necessary for a class action to move forward.  As a result, Plaintiffs' legal team of counsels were engaged in extensive and numerous discovery activities, motion practice, and other activities relevant and necessary for the prosecution of the case on a class action basis. Although no new facts, evidence or witnesses of this matter were presented to the City's counsel, the City's counsel chose, four (4) years later, to seek decertification of the class, as argued in the

Defendant's Renewed Motion for Summary Judgment in which the Court entered its Order decertifying the classes. The arguments made by the City as to why this case should be decertified is based on information it had in its possession at the time class certification was sought by the Plaintiffs. The class members were comprised of City employees whose medical, health, wages and work records were solely in the possession of the City. Therefore, at the time the City agreed to class certification, it was aware of all of the facts it argued in its motion for decertification.

An attorney's conduct "multiplies proceedings" when, "it results in proceedings that would not have been conducted otherwise." *Briggs v. Briggs,* 260 Fed.Appx. 164 (11th Cir. 2007) citing *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997). The Order decertifying the class essentially brought this case to an end. Rather than agreeing to class certifications in 2010 and then arguing for class decertification in 2014, the City's counsel could have opposed class certification in 2010, and, the Court would have ruled in 2010 that the case could not have proceeded as a class action rather than in 2014 after four (4) years of discovery, motions and other judicial and non-judicial activities related to the prosecution of this case as a class action. There was no new evidence, facts, or anything preventing the City's counsel from making its 2014 argument in 2010 when the City agreed to class certification.

**B.   CITY COUNSEL'S MULTIPLICATION OF THE PROCEEDINGS WERE MADE IN AN UNREASONABLE AND VEXATIOUS MANNER**

The purpose of the vexatious litigation statute is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them. *Jerelds v. City of Orlando,* 194 F.Supp.2d 1305 (M.D. Fla. 2002). The word "vexatious" is not defined in the statute, and in such circumstances, courts typically read statutory terms to convey their ordinary meaning. *Smartt v. First Union National Bank,* 245 F.Supp.2d 1229 (M.D. Fla. 2003). Black's Law Dictionary defines the term "vexatious" to mean "without reasonable or probable cause or excuse". *Id* citing *Black's Law Dictionary 1559 7th ed. 1999).*

The Court recognized the City's counsels' tactics in its September 30, 2014, Order, when stating, "At first, the City fell on its sword, agreeing to allow the case to

proceed as a class action and enrolling all class members into the retirement system. Then, the City altered course and decided to contest the case, **resulting in this protracted litigation**." *See Order, Page 1.* (emphasis added). The Court further stated in its Order by citing to the transcript on the hearing giving rise to the Order:

> THE COURT: All right. So [the City] agreed to this class in 2010.
>
> MS. LAQUIDARA: Yes.
>
> THE COURT: [W]hen I get a minute, I'm going to read to you the parts of the order that you agreed to have entered, because they don't seem to really be quite consistent with the positions you're taking now. But we'll put that to the side…

*See Order, Page 24.* Irresponsible conduct in connection with prosecuting or defending a claim may be sanctioned under *28 U.S.C.A. §1927. Odbert v. United States,^576 F.Supp.825 (E.D. Cal. 1983).* What is crucial is whether, regardless of attorney's subjective intentions, conduct was unreasonable and vexatious when measured against an objective standard. *Hudson v. International Computer Negotiations, Inc.,* 499 F.3d 1252 (11th Cir. 2007). To warrant monetary sanctions on counsel, under *§1927*, for excess costs caused by vexatious and unreasonable multiplication of proceedings, there must be some conduct on the part of the subject attorney that trial judges, applying collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court. *Salkil v. Mount Sterling Tp. Police Dept.,* 458 F.3d 520 (6th Cir. 2006).

      The City could have opposed class certification and obtained the court's ruling in favor of the City in 2010. The City had possession of all of the discovery materials necessary and all records of all class members relevant to this case. There was no additional discovery or any additional matters or facts required by the City before the City could have made their legal argument that this case could not proceed as a class action. Instead, City's counsel multiplied the proceedings in an unreasonable and vexatious manner for four (4) years when the case could have been concluded in 2010

with the City's argument against class certification rather than agreeing to class certification in 2010 and then opposing it in 2014, as the Court also recognized in its Order as stated *supra*.

**C.     CITY COUNSEL'S MULTIPLICATION OF THE PROCEEDINGS MADE IN AN UNREASONABLE AND VEXATIOUS MANNER RESULTED IN EXCESS COSTS, EXCESS EXPENSES AND ATTORNEY'S FEES**

As explained *supra*, due to the multiplication of the proceedings made in an unreasonable and vexatious manner caused by the City's counsel, excess expenses and attorney's fees were incurred. An itemization of such attorney's fees and costs will be provided to all parties and the Court for a subsequent hearing if entitlement to sanctions is determined in Plaintiffs' favor.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court grant Plaintiff's Motion for Sanctions specifically granting Plaintiffs entitlement to sanctions, order that a hearing be held as to the amount of sanctions to be imposed against City's counsel, and any further relief deemed just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing was electronically served via CM/ECF on all parties of record on June 26, 2018.

        Respectfully submitted,

        __/s/ Mark D. Bogen_____
Mark D. Bogen, Esq.
Fla. Bar No. 865834
Michael D. Bogen, Esq.
Fla. Bar No. 84898
Bogen Law Group, P.A.
7351 Wiles Rd. Ste. 202
Coral Springs, FL 33067
Tel:   954-525-0751
Email: Michael@condolaw.com
Attorney for Plaintiffs