**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SCOTT MONACO, et al.,

        Plaintiffs,

vs.                                                   Case No. 3:09-cv-1169-J-32PDB

CITY OF JACKSONVILLE

        Defendant.

_____/

## **O R D E R**

This cause is before the Court on two motions. On June 26, 2018, Plaintiffs filed a Motion for Sanctions against Defendant City of Jacksonville (the City) pursuant to 28 U.S.C. § 1927. (Doc. 179). In the Motion for Sanctions, Plaintiffs contend that they are entitled to sanctions because the City unreasonably and vexatiously multiplied these proceedings causing Plaintiffs to incur excess attorney's fees and costs. The City filed a response in opposition to the motion for sanctions on July 10, 2018. (Doc. 181). In addition, on July 2, 2018, Plaintiffs' sole remaining counsel, Bogen Law Group, P.A., filed a Motion to Withdraw. (Doc. 180).[1] Specifically, Bogen Law Group requests that the Court permit it to withdraw as counsel for Plaintiffs except as to the prosecution of the Motion for Sanctions. (Doc. 180 at 2). In addition, counsel requests that Plaintiffs be given thirty days to seek out their own counsel before this case is closed. (Id.). For the reasons set forth below, the Court finds that the Motion for Sanctions is due to be denied. As such, Bogen

---

[1] Plaintiffs' other attorneys have previously withdrawn from this case with leave of Court. (Docs. 157, 170, 177). Although attorneys Mark S. Willis and Willie Edward Gary appeared on the record in this case on behalf of Plaintiffs and have not moved to withdraw, by all appearances they are no longer representing Plaintiffs in this matter.

Law Group's request to remain as counsel for purposes of that Motion only is moot. The Court will otherwise grant Bogen Law Group's request to withdraw, on certain conditions, and allow Plaintiffs one final opportunity to indicate their intent to proceed in this action before dismissal.

Before turning to the Motion for Sanctions, a brief procedural history of this case is necessary. Plaintiffs filed this case on December 2, 2009, alleging that they were excluded from the City's Retirement System because of their actual or perceived disabilities in violation of the ADA. On March 1, 2010, Plaintiffs moved to certify this case as a class action. The City agreed to allow the case to proceed as a class action, and by all appearances the case was moving toward settlement. When the parties were unable to reach a settlement agreement, the City began to contest the case and lengthy litigation ensued. Eventually, the matter came before the Court on cross-motions for summary judgment, and on September 30, 2014, the Court entered an Order (Doc. 130) granting Defendant's Renewed Motion for Summary Judgment (Doc. 109) as to Plaintiffs' class action claims, and denying Plaintiffs' Renewed Motion for Summary Judgment (Doc. 107). Having found that the ADA class action claim failed on the merits, the Court ordered that this case would proceed no further as a class action. (Doc. 130 at 45.) On August 31, 2015, the Court entered a Partial Final Judgment Under Rule 54(b) in favor of the City and against the Plaintiff Class (Doc. 144), and Plaintiffs filed a Notice of Appeal (Doc. 147). The Eleventh Circuit Court of Appeals issued an Opinion (Doc. 159) affirming this Court's Order on November 23, 2016, and a month later entered its decision as the Judgment (Doc. 160) of the Court of Appeals.

At that time, the Court noted that prior to appellate review, Plaintiffs had expressed their intention to proceed with the individual claims of the named Plaintiffs and potentially, the individual claims of other class members. (Docs. 131, 134.) As such, on January 4, 2017, the Court entered an Order (Doc. 161) directing the parties to file a joint notice detailing how this case should proceed. On March 31, 2017, the parties filed a Joint Notice to Court Regarding Intention to Proceed (Doc. 163; Joint Notice). In the Joint Notice, Plaintiffs' counsel stated that while they believed this case should proceed on an individual basis with the named Plaintiffs and former class members, they do not have the staff or resources necessary to represent the potentially large number of Plaintiffs who may pursue their individual claims. Plaintiffs' counsel represented to the Court that they were seeking substitute counsel, and failing that, would seek to withdraw. As such, the Court entered an Order (Doc. 164) on April 17, 2017, directing Plaintiffs to file a notice indicating how they intend to proceed in this action on or before June 15, 2017.

In the months that followed, this pattern continued. On June 15, 2017, Plaintiffs had still been unable to secure new counsel and requested that "they and Bogen Law Group be given an additional sixty (60) days within which to secure new counsel to present any individual claims to the Court." (Doc. 167). The Court then entered an Order (Doc. 170) directing Plaintiffs to file a notice in sixty days informing the Court of the status of their search for counsel and whether they still intend to proceed with this case. On August 28, 2017, Plaintiffs stated that "Bogen Law has attempted to secure new counsel to represent individual plaintiffs who wish to pursue their claims before this Court," but has been unable to do so. (Id.) As such, Plaintiffs informed the Court that "Bogen Law intends to seek leave of this Court to withdraw . . . and/or to voluntarily dismiss the action . . . ." (Id.) According

to the August Notice, Bogen Law intended to so move "within thirty (30) days of this Notice." (Id.)  On September 20, 2017, Plaintiffs filed a Supplemental Notice of Intent to Move for Leave to Withdraw (Doc. 172; September Notice) explaining that as a result of Hurricane Irma, they would need additional time to file their requests for leave to withdraw or voluntarily dismiss this action.  (Doc. 172 at 1-2.)  Plaintiffs indicated that they would file such requests by October 9, 2017.  (Id. at 1.)

Despite the representations in the August and September Notices, Bogen Law failed to file a motion for leave to withdraw from this case, or to voluntarily dismiss this action. Accordingly, on April 19, 2018, the Court entered an Order directing Plaintiffs to show cause why the Court should not dismiss the case for failure to prosecute.  (Doc. 174).  In response, Plaintiffs advised the Court that Bogen Law Group, P.A. was "in the process of securing substitute counsel to take over the litigation" and requested an additional thirty days to "take action necessary to prosecute this case."  (Doc. 176).  The Court granted this request and gave Plaintiffs until July 2, 2018, to file a notice advising the Court how they intend to proceed.  (Doc. 178).

In all this time, Plaintiffs made no mention of a motion for sanctions.  Thus, it was much to the Court's surprise when on June 26, 2018, over three and a half years after the Court's Summary Judgment Order, two years and nearly ten months after entry of the Partial Final Judgment, and over one and a half years after the resolution of the appeal, Plaintiffs filed the Motion for Sanctions.  In the Motion for Sanctions, Plaintiffs make the rather audacious argument that by not opposing Plaintiffs' motion for class certification, and instead consenting to Plaintiffs' request for a class action, the City unreasonably and vexatiously multiplied these proceedings.  Plaintiffs' Motion appears to be premised on

their mistaken belief that, in response to the City's arguments at summary judgment, the Court decertified the class in its Summary Judgment Order. Specifically, Plaintiffs argue that had the City opposed class certification in 2010, "the Court would have ruled in 2010 that the case could not have proceeded as a class action rather than in 2014 after four (4) years of discovery, motions and other judicial and non-judicial activities related to the prosecution of this case as a class action." (Doc. 179 at 3). This argument is flawed for two reasons.

First, Plaintiffs' Motion is premised on arguments the City made in the summary judgment briefing as well as the Court's rulings set forth in the September 30, 2014 Summary Judgment Order. As is plain from the procedural history outlined above, Plaintiffs' Motion is entirely too late. Although there are no precise standards on when a motion for sanctions under 28 U.S.C. § 1927 should be filed, federal courts nonetheless require the motion to be filed "within a reasonable time of the entry of judgment." See Hill v. Clark, No. 2:10-CV-00260-WCO, 2012 WL 13018385, at *7 (N.D. Ga. Aug. 16, 2012). Requesting sanctions based on the outcome of the class claim in this case nearly four years after the resolution of that claim is plainly unreasonable. Moreover, "[a] crucial factor in determining whether a delay in filing was reasonable is the justification for the delay." Id. Here, Plaintiffs offer no explanation as to why they waited until June 26, 2018, to file their motion for sanctions. Plaintiffs had all the information they needed to make their argument as of September 30, 2014, when the Court ruled on the summary judgment motions, or at the latest, on November 23, 2016, when the Court of Appeals affirmed that ruling. Accordingly, the Motion for Sanctions is due to be denied as untimely.

Moreover, even if the Motion for Sanctions had been timely filed, it is without merit as the Motion is premised on a misunderstanding of the Court's Summary Judgment Order. Plaintiffs are correct that, at the outset of this case, the City did consent to class certification. Plaintiffs contend that in doing so, the City unnecessarily extended the proceedings because, in Plaintiffs' view, the City later "changed its position and argued that this case may not proceed as a class action." (Doc. 179 at 1). According to Plaintiffs, the Court then decertified the class in response to the City's arguments. (Id.). However, Plaintiffs' version of events is contrary to the record in this case. Although the City did argue at summary judgment that it was necessary to make individualized assessments to determine whether each class member was "disabled," the City never moved to decertify the class. Moreover, noting that the City had never moved for decertification, the Court rejected the City's request for individualized consideration. (Doc. 130 at 14-17). Rather, the Court considered Plaintiffs' class-wide discrimination claim on the merits and ultimately determined that Plaintiffs failed to present evidence of a pattern or practice of intentional disability discrimination. (Id. at 44). The Court then granted summary judgment in the City's favor on the class claim, which marked the end of the case as to the class but did not constitute a decertification.[2] (Id. at 45). Thus, as Plaintiffs' Motion for Sanctions is both untimely and based on a misapprehension of the record in this case, the Court finds that it is due to be denied.

Finally, the Court turns to Bogen Law Group, P.A.'s Motion to Withdraw. Counsel requests that the Court permit it to withdraw, and allow Plaintiffs an additional thirty days to seek their own counsel before closing the case. (Doc. 180 at 2). Finding good cause,

---

[2] Indeed, in a filing with this Court on May 20, 2015, Plaintiffs previously recognized that the Class in this case had not been decertified. (Doc. 139 at 4).

the Court will grant the motion to withdraw and allow Plaintiffs one last period of time to commence prosecution of any individual claims remaining in this action. However, as a condition of this withdrawal, the Court will require counsel to notify each of his clients of this final deadline and provide them with a copy of this Order. In accordance with the foregoing, it is

**ORDERED:**

1. Plaintiffs' Motion for Sanctions Pursuant to 28 U.S.C.A. § 1927 (Doc. 179) is **DENIED.**

2. Bogen Law Group, P.A.'s Motion to Withdraw as Counsel (Doc. 180) is **GRANTED** subject to the conditions set forth below.

3. On or before **December 3, 2018**, Bogen Law Group, P.A. shall notify each of its clients of their final opportunity to pursue this action, provide them with a copy of this Order, and file a certification with the Court that it has done so.

4. Plaintiffs shall have up to and including **January 25, 2019**, to indicate their intent to proceed in this action. If neither an attorney, nor any party proceeding pro se, has filed a notice by that date, the Court will dismiss this case for failure to prosecute without further notice.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of November, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

mhm.
Copies:

Counsel of Record